**SO ORDERED.**

**SIGNED this 28 day of January, 2009.**

_____
**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

IN RE:

**KIRK PIGFORD CONSTRUCTION, INC.**

    **DEBTOR.**　　　　　　　　　　　　　　Case No. 08-07139-8-JRL
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 11
_____

### ORDER

Before the court is the debtor's application for approval to pay special counsel's fees. On January 22, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina.

The debtor filed for Chapter 11 bankruptcy protection on October 14, 2008. Prior to filing, on November 8, 2007, the debtor entered into an attorney-client hourly fee agreement with Hodges & Coxe, P.C. ("Hodges & Coxe") in connection with civil litigation against Kazi Hasiba Burns regarding the sale of certain real property in Wilmington, North Carolina. At conclusion of this litigation, the debtor reached a settlement agreement with Mr. Burns in the approximate amount of $23,000.00. On the date of hearing, these settlement funds were being held in a client trust account at Hodges & Coxe. Pursuant to an Order dated November 14, 2008, the court authorized the debtor to employ Hodges & Coxe as special counsel. On December 2, 2008, the debtor filed an application for approval to pay Hodges & Coxe for legal services in the amount of $9,735.41. ProBuild East,

LLC, f/k/a The Contractor Yard ("ProBuild East") has a judgment lien on the debtor's real property in New Hanover County, North Carolina and objected to the debtor's application.

In support of its application to pay attorney's fees, the debtor established that it employed Hodges & Coxe in November 2007 pursuant to an hourly fee agreement. The debtor further established that Hodges & Coxe reached a settlement on behalf of the debtor. According to the debtor, the parties understood that Hodges & Coxe was to be paid from this settlement. Therefore, the debtor seeks approval to pay Hodges & Coxe approximately $9,735.41 for services performed in representing and reaching a settlement on behalf of the debtor.

In response, ProBuild East objects to the debtor's application to pay special counsel's fees to the extent that the majority of Hodges & Coxe's legal services were rendered pre-petition. At hearing, ProBuild East argued that the debtor's application failed to indicate that Hodges & Coxe sought reimbursement for pre-petition services. ProBuild East further argued that Hodges & Coxe was limited to an unsecured claim for its pre-petition services and was not entitled to payment ahead of ProBuild East. Therefore, ProBuild East alleges that allowable fees are limited to those services provided post-petition, in the approximate amount of $2,979.54.

The court agrees with ProBuild East and finds that the debtor's application appears to provide only for legal services going forward as an administrative expense for post-petition services. The court further finds no suggestion of a contingency fee arrangement between the debtor and Hodges & Coxe. Under the circumstances in this case, the proper means for the debtor to obtain approval to pay special counsel for pre-petition legal expenses was through a motion to assume an executory contract. Here, the debtor failed to incorporate § 365 or otherwise provide sufficient notice to creditors of its intention to pay pre-petition debt. Such a motion at this juncture would be

pointless, as there no longer is an executory contract.

Based on the foregoing, the debtor's application for approval of all of special counsel's fees is DENIED and ProBuild East's objection is SUSTAINED. Fees are approved in the amount of $2,979.54.

**"END OF DOCUMENT"**